1  **Douglas H. Hoang, Esq. (SBN 193412)**
   dhoang@k2employmentlaw.com
2  K2 Employment Law, APC
   19849 Nordhoff Street
3  Northridge, CA 91324
   Tel. No.: (800) 590-7674
4

5  Attorneys for Plaintiff STEPHEN ROZZO

6

7

8                UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

| | |
|---|---|
| STEPHEN ROZZO, an individual<br><br>Plaintiff,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES, INC., a Delaware corporation; and DOES 1-50 inclusive,<br><br>Defendants. | Case No.:   2:23−cv−07624 MEMF (AJRx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>Dist. Judge:  Hon. Maame Ewusi−Mensah Frimpong<br>Ctrm.: 8B<br><br>Mag. Judge:  Hon. A. Joel Richlin<br>Ctrm.: 780 |

17      Plaintiff STEPHEN ROZZO individually alleges:

18                         **JURISDICTION AND VENUE**

19      1.   Plaintiff STEPHEN ROZZO (hereinafter referred to as "Plaintiff" and/or "Mr.

20  Rozzo"), an individual, alleges knowledge as to his own, and information and belief as to all

21  other matters, as follows:

22      2.   Plaintiff was, at all times mentioned herein, a resident of the County of Los

23  Angeles in the State of California.

24      3.   Defendant SUN PHARMACEUTICAL INDUSTRIES, INC., a Delaware

25  corporation, (hereinafter referred to as "Defendant" or "SUN"), is and was at all material times

26  mentioned herein, a business and employer doing business in Los Angeles County and elsewhere

27  in the State of California.

28      4.   Plaintiff is ignorant of the true names of Defendants DOES 1 through 50,

inclusive, and has therefore sued them by the above names which are fictitious. Plaintiff will amend this complaint by inserting true names in lieu of the fictitious names when the true names are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated in this Complaint as DOE is responsible and liable to Plaintiff in some manner for the events, happenings, and contentions referred to in this complaint.  All references in this complaint to "Defendants" shall be deemed to include SUN and all DOE Defendants collectively.

5.     Plaintiff is informed and believes and thereon alleges that each Defendant, including DOES, was/is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other Defendant, including DOES, and all of the things alleged to have been done by the Defendants, and each of them, were done in the course and scope of the agency, employment, service, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent limited liability company, partners, members, associates, or representatives.

6.     The unlawful practices and tortious conduct complained of herein occurred in the County of Los Angeles, State of California.

7.     Defendants discriminated and retaliated against Plaintiff, and then wrongfully terminated him due to his age (over 40) and sex (male).

8.     Defendants employed Mr. Rozzo for over six and a half years until his wrongful termination on or about December 23, 2022.

9.     Mr. Rozzo was an exemplary employee holding various management positions during his employment including Associate Vice President, Medical Affairs and Senior Director of Biologics Medical Affairs.  Despite this, Mr. Rozzo was wrongfully terminated due to his purported refusal to return in person to Sun's Princeton, New Jersey location three days per week, which was impossible to do from California, and contrary to Sun's prior misrepresentations authorizing, influencing, persuading and encouraging Mr. Rozzo's move to California and remote work.  Defendants' wrongful termination of Mr. Rozzo was contrary to the same conditions of employment Defendants allowed younger female employees.

10. Specifically, Sun, in particular, through Mr. Rozzo's manager and Defendants' agent, Ejim Mark ("Dr. Mark"), repeatedly misrepresented to Mr. Rozzo that he was approved, authorized and in fact encouraged to relocate to California and continue his job with Sun in late 2021 while moving, living, and working in California. Dr. Mark further represented that he would handle all Human Resources matters related to the relocation. Dr. Mark advised other Sun employees of Defendants' approval for Mr. Rozzo to relocate to California. These misrepresentations from Dr. Mark occurred in or about August 2021 to Mr. Rozzo and Mr. Rozzo's colleagues. Absent Dr. Mark's misrepresentations, Mr. Rozzo would not have moved to California to continue working for Defendants. Upon information and belief, when Mr. Mark made the misrepresentations, he knew them to be false.

11. Mr. Rozzo's mother-in-law had serious health concerns and Mr. Rozzo felt it important and necessary to relocate to assist in the care of his mother-in-law. However, Mr. Rozzo would not have relocated to California without the misrepresentations of Defendants that he could work remotely in California for Defendants.

12. Dr. Mark was supportive of the decision to relocate and repeatedly misrepresented that Mr. Rozzo could relocate, influenced, and authorized the relocation. In March 2022, Dr. Mark further misrepresented that he was creating a new Associate Vice-President of Clinical Development position for Mr. Rozzo which would allow Mr. Rozzo to work remotely in California permanently. Mr. Rozzo would not have continued to reside in California, incur additional expenses including purchases and leases but for Dr. Mark's misrepresentations.

13. This allowance for remote work was no different than allowed to other younger female employees who worked under Dr. Mark at the time. Dr. Mark and Sun repeatedly represented and authorized the relocation to California and Dr. Mark continued to reassure Plaintiff over a one year period of time that Plaintiff could continue working in California remotely.

14. Unfortunately, after repeated assurances and representations regarding Plaintiff's approved relocation to continue working with Defendants, Sun inexplicably gave Mr. Rozzo an ultimatum to return to in person to Sun's Princeton, New Jersey location three days per week in

December 2022, which he was not able to do.

15. Sun thereafter wrongfully terminated his employment in violation of California Labor Code section 970.

16. Sun's unlawful acts has left Mr. Rozzo devastated (financially and emotionally), hurt and deeply damaged since he has been unable to find alternative employment, especially worrisome at his age. Emotionally, Mr. Rozzo has had to deal with anxiety and depression due to Sun's illegal activities. All of this is a consequence of Sun failing to live up to the assurances and representations, failing to adhere to prior practice for other younger female employees, and treating Mr. Rozzo in a discriminatory manner compared to his co-workers.

17. Due to Defendants violation of California Labor Code section 970, Plaintiff has incurred substantial financial liabilities from his relocation, including entering into a one year rental agreement and renewing it, purchasing another vehicle, incurring COBRA payments, taking out personal loans, using his savings and 401k account money, among other alleged damages.

18. As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages including but not limited to loss of wages, including front and back pay, and benefits, including consequential damages in an amount to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

19. As a further direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered and continues to suffer general damages including but not limited to significant and enduring emotional distress including humiliation, mental anguish and physical distress, injury to mind and body, in a sum to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

20. In doing the acts set forth above, Defendants acted as herein alleged with a conscious disregard of Plaintiff rights as an employee. Defendants, by and through their managing agents, acted deliberately to punish Plaintiff. For all of these reasons, the Plaintiff is entitled to an award of punitive damages.

21. Prior to the initiation of this lawsuit, Plaintiff filed a complaint against Defendants

with the California Civil Rights Department ("CRD") pursuant to section 12900 et seq. of the California Government Code, alleging the claims described in this Complaint. On August 7, 2023, the CRD issued a "right to sue" letter. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one year of the date that the CRD issued its "right to sue" letter.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF LABOR CODE SECTION 970

**(Cal. Labor Code § 970 et seq.)**

**(Against All Defendants)**

22. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

23. Plaintiff asserts that Defendants violated California Labor Code § 970, which provides in relevant part that "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: (a) The kind, character, or existence of such work; (b) The length of time such work will last; or (c) the compensation therefor."

24. In or about late 2021, in reliance on Defendants' misrepresentations regarding relocation to California and the asserted certainty of the existence of a job after relocation, Plaintiff in ignorance of the falsity thereof, reasonably relied upon them and changed his place of residence by moving across the country from New Jersey to California to continue working for Defendants.

25. Defendants influenced and/or induced Plaintiff to move to California from New Jersey for the purpose of working by knowingly failing to disclose the true kind, character and existence of work and/or the length of time of such employment and/or the compensation therefor.

26. Plaintiff is informed and believes and thereon alleges that Defendants did not disclose the fact that Defendants did not have final arrangements or securities as promised to Plaintiff for Plaintiff's employment and/or failed to secure such arrangements for Plaintiff's employment.

27. Plaintiff did not know of the actual facts related to whether Defendants had secured arrangements for Plaintiff's employment and he reasonably relied on Defendants' false statements regarding the kind, character, existence, length, and compensation of employment.

28. As a result of the aforementioned wrongful acts and/or omissions of Defendants, Plaintiff was persuaded to move himself from New Jersey to California for the purpose of working on the job as allowed by Defendants and in California.

29. As a result of the aforementioned wrongful acts and/or omissions of Defendants, Plaintiff has suffered, and continues to suffer, from substantial losses in earnings and other employment related benefits in an amount unknown at this time, but which will be shown according to proof at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants aforementioned false representations and/or nondisclosure(s) were made willfully and with wanton disregard for Plaintiff's rights. As such, Defendants' nondisclosure(s) constituted knowingly false misrepresentation(s). As such, Plaintiff reasonably relied on Defendants' representations of the kind, character, and/or existence of the work for which Plaintiff was interviewed and hired to perform, and the compensation therefor, that harmed him financially. But for Defendants' misrepresentations and influence, Plaintiff would not have relocated to California to continue working for Defendants.

31. The unlawful conduct of Defendants, as alleged above, directly and proximately caused Plaintiff to suffer, and continue to suffer, special damages including but not limited to past and future loss of income, benefits, costs of moving, and other damages to be proven at time of trial. As alleged above, Defendants ratified the unlawful conduct of its employees, and is therefore liable for their conduct.

32. The unlawful conduct of Defendants, as alleged above, directly and proximately

caused Plaintiff to suffer, and continue to suffer, general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at trial. As alleged above, Defendants ratified the unlawful conduct of its employees, and is therefore liable for their conduct.

33. As a result of the unlawful conduct of Defendant, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

34. Defendants' malicious and/or oppressive conduct constituted intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention of depriving Plaintiff of property and/or other legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious and reckless disregard of Plaintiffs rights and therefore warrants the imposition of exemplary and punitive damages. Pursuant to California Civil Code Section 3294, Defendants are liable for punitive damages.

35. As a result of Defendants inducement of Plaintiff to move to California from New Jersey in reasonable reliance upon its representation of the kind, character, or existence of work, and the length of time such work would last, and the compensation therefor, Plaintiff seeks to recover double damages, as provided for by Labor Code section 972.

36. WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

## FRAUD/NEGLIGENT MISREPRESENTATION

**(Against All Defendants)**

37. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

38. Plaintiff is informed and believes and thereon alleges that Plaintiff's manager, Ejim Mark, was, at all times relevant to this Complaint, recruiting for Defendants. Ejim Mark and/or Defendants made the representations alleged herein, and were the authorized and/or managing agents of Defendants, and at the time of making the representations herein mentioned,

were acting within the course and scope of their agency and authority for Defendants.

39. Plaintiff is informed and believes, and thereon alleges, that there existed a fiduciary, confidential, prospective employment, and/or contractual relationship between him and Defendants. Therefore, Plaintiff alleges that Defendants owed him a duty to disclose information material to his prospective employment, including the kind, character and/or existence of such work and/or the duration and pay of said employment as alleged herein.

40. Plaintiff informed Defendants of the expenses he would incur moving to California, for the job Defendants allowed for him to continue. Plaintiff further informed Defendants to notify him immediately if the job was not secure or agreed to by Defendants.

41. As set forth above in detail, Ejim Mark, on behalf of Defendants, made the false representations to Plaintiff with the intent to induce Plaintiff to rely on such representations.

42. The representations made by Defendants were in fact false.

43. When Defendants made the representations alleged herein, they knew or should have known them to be false and/or had no reasonable grounds for believing the representations to be true.

44. Plaintiff, at the time these representations were made by Defendants, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the representations of Defendants and believed them to be true, and could not, and did not, uncover such issues on his own as they were not reasonably discoverable, and continued employment without knowing that such employment would not continue as represented.

45. In reasonable reliance on the representations alleged herein, Plaintiff was induced to, and did, continue with his employment in California with Defendants.

46. These representations were material, as had Plaintiff known the actual facts, he would not have taken such action.

47. Plaintiff's reliance on Defendants' representations was justified because Defendants' representatives held themselves out to be an executive with Defendants.

48. Plaintiff's reliance on the representations of Defendants was a substantial factor in the harm caused to Plaintiff.

49. Defendants, as alleged above, harmed Plaintiff because their actions, as alleged herein, caused Plaintiff to suffer, and continue to suffer, general damages, including humiliation, mental anguish, and emotional and physical distress. The actions of Defendants, as alleged above, also injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

50. Defendants, as alleged above, harmed Plaintiff because their actions, as alleged herein, caused Plaintiff to suffer, and continue to suffer, special damages, including lost wages, costs of moving, and other employment benefits, and Plaintiff has suffered the loss of such employment-related opportunities in an amount which will be proven at trial.

51. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights, and therefore warrants the imposition of punitive damages. As alleged above, Defendants ratified the unlawful conduct of its employees, and is therefore liable for their conduct and Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Pursuant to California Civil Code Section 3294 Defendants are liable for punitive damages.

52. WHEREFORE, Plaintiff prays for relief as set forth below

### THIRD CLAIM FOR RELIEF

### DISCRIMINATION ON THE BASIS OF SEX AND AGE

**(California Gov. Code §§ 12940, *et seq.*)**

**(Against All Defendants)**

53. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

54. Defendants discriminated against Plaintiff on the basis of sex and age through numerous illegal acts, including, without limitation, retaliating against Plaintiff as set forth herein. Defendants and its employees had animus towards Plaintiff and the aforementioned protected characteristics.

55. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other

pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

56. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

57. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

58. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**FOURTH CLAIM FOR RELIEF**

**RETALIATION**

**(California Gov. Code §§ 12940, *et seq.*)**

**(Against All Defendants)**

59. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

60. California Government Code section 12940(h) makes it an unlawful employment practice for an employer to "discharge, expel, or otherwise discriminate against any person

because the person has opposed any practices forbidden under [the FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]."

61. Defendant retaliated against Plaintiff for making complaints about discrimination. Defendants terminated Plaintiff's employment.

62. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

63. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

64. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

65. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

///

///

# FIFTH CLAIM FOR RELIEF

# FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

**(California Gov. Code §§ 12940, *et seq.*)**

**(Against all Defendants)**

66. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

67. California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring." This provision also makes it unlawful for an employer to fail to prevent retaliation. See, e.g., *Ortiz v. Georgia Pacific* (E.D. Cal. 2013) 973 F.Supp.2d 1162, 1184 (citing *Taylor v. City of Los Angeles Dep't of Water & Power* (2006) 144 Cal.App.4th 1216, 1240). Defendants violated this provision by failing to prevent harassment, discrimination, and retaliation against Plaintiff as described above. Defendants knew or should have known of the discrimination and retaliation against Plaintiff yet failed to take any prompt remedial action or other adequate measures and failed to prevent the illegal conduct including his termination of employment.

68. As a proximate result of the entity Defendants' conduct, Plaintiff suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

69. The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

70. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

///

## SIXTH CLAIM FOR RELIEF

## WHISTLEBLOWER RETALIATION

### (California Labor Code § 1102.5)

### (Against All Defendants)

71. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

72. There is a public policy in this state and in this country in favor of employees not being subjected to retaliation for reporting and/or complaining about violation of State and Federal Law. California Labor Code Section 1102.5 prohibits any employer from taking any action against any employee out of fear that the employee will report any violation of laws to any state or federal government agency.

73. While employed by Defendants, and as described above, Plaintiff complained to Defendants regarding discrimination and retaliation in violation of the FEHA and violation of California Labor Code by Defendants. As a result of the aforesaid actions, Defendants retaliated against Plaintiff, including but not limited to wrongfully terminating his employment.

74. Plaintiff has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently un-ascertained. Plaintiff faces a substantial diminution of his future earning capacity in an amount which is currently unascertained. Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained, or upon proof at the time of trial.

75. As a result of the aforesaid actions, Plaintiff has been held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has suffered and continues to suffer emotional distress. Defendants, by and through their managing agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct and intimidation was likely to result in severe mental distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

76. Defendants' attempts to prevent Plaintiff from disclosing the truth about the work

conditions at Defendant and then terminating him for complaining of the same is extreme and outrageous conduct. Defendants, including their executives, managers, superiors, and/or supervisors, have acted, as alleged, with the malicious intention of depriving the Plaintiff of employment opportunities and benefits that must be accorded to all employees. This conduct by Defendants was, and is, despicable, cruel and oppressive. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

77. Because of the wrongful acts of Defendants as herein above alleged, Plaintiff has been and/ or will in the future be required to employ physicians and mental health care professionals to examine, treat and care for him and will incur additional medical expenses in an amount to be proven at the time of trial.

78. Plaintiff further requests that the court award reasonable attorney's fees and costs incurred in this action pursuant to Labor Code section 1102.5.

79. WHEREFORE, Plaintiff request relief as hereinafter provided.

## SEVENTH CLAIM FOR RELIEF

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

80. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

81. As set forth above, Plaintiff complained to Defendants about their violation of the FEHA and California Labor Code.

82. Immediately thereafter, and directly resulting from Plaintiff's complaints about and opposition to Defendants' illegal conduct, Defendants began to take adverse employment actions against Plaintiff, including a campaign of retaliatory harassment and humiliation, as set forth hereinabove.

83. As a direct result of Defendants' conduct as described in this Complaint, and in violation of public policy as set forth above, Defendants, by and through Defendants' management and others, retaliated against Plaintiff's employment by wrongfully terminating him.

84. As a result of the aforesaid actions, Plaintiff has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently un-ascertained. Plaintiff faces a substantial diminution of his future earning capacity in an amount which is currently unascertained. Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained, or upon proof at the time of trial.

85. As a result of the aforesaid actions, Plaintiff has been held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has suffered and continues to suffer emotional distress. Defendants, by and through their managing agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct and intimidation was likely to result in severe mental distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

86. Defendants' attempts to prevent Plaintiff from disclosing the truth about the work conditions at Defendants and then terminating him for complaining about the same is extreme and outrageous conduct. Defendants have acted, as alleged, with the malicious intention of depriving the Plaintiff of employment opportunities and benefits that must be accorded to all employees. This conduct by Defendants was, and is, despicable, cruel and oppressive. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

87. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

1. For compensatory damages in an amount according to proof;
2. For general damages in an amount according to proof;
3. Further declaratory relief, declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiff is entitled;
4. For all statutory and civil penalties;
5. For punitive damages;

6. For reasonable attorneys' fees and expenses pursuant to the Labor Code;

7. For costs of the suit herein incurred; and

8. For such other and further relief as this Court may deem just and proper.

DATED: October 11, 2023  K2 Employment Law, APC

By: _____
Douglas H. Hoang
Attorneys for Plaintiff STEPHEN ROZZO

## JURY DEMAND

Plaintiff, STEPHEN ROZZO, hereby demands a trial by jury of all issues.

DATED: October 11, 2023        K2 Employment Law, APC

By: _____
Douglas H. Hoang
Attorneys for Plaintiff STEPHEN ROZZO

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 19849 Nordhoff Street, Northridge, CA 91324.

On **October 11, 2023**, I served the foregoing document(s) described as **FIRST AMENDED COMPLAINT** on all interested parties in this action:

Michael R. Kleinmann, Esq.
Corrie J. Buck, Esq.
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
(213) 457-8000
(213) 457-8080 – fax
mkleinmann@reedsmith.com
cbuck@reedsmith.com
Charlyn Jones, Secretary - Charlyn.Jones@reedsmith.com
Arleen Swenson, Secretary - ASwenson@reedsmith.com
**Attorneys for Defendant SUN PHARMACEUTICALINDUSTRIES, INC.**

[]     **(BY U.S. MAIL):**  By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully paid for collection and mailing, under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid at San Clemente, California, in the ordinary course of business.  I am familiar with the Law Firm's practice of collection and processing correspondence for mailing.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **(BY ELECTRONIC TRANSMISSION - EMAIL):**  By causing a true copy thereof, to be sent from the email address of sgolden@k2employmentlaw.com to the persons at the email addresses listed above.  No notification was received indicating that any of the transmissions were unsuccessful.

[X]    **(BY ELECTRONIC TRANSMISSION - EMAIL):** I hereby certify that on October 11, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

[ ]    **(BY OVERNIGHT DELIVERY):**  By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to K2 Employment Law and to be delivered by overnight delivery to the addresses as shown .

Executed on **October 11, 2023** at San Clemente, California.

[X]    **FEDERAL:**   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_Shirley Golden_
Shirley Golden