O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ROZZO, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUN PHARMACEUTICAL INDUSTRIES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:23-cv-07624-MEMF-AJR<br><br>**ORDER DENIES MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 15]** |

　　　Before the Court is the Motion to Dismiss filed by Defendant Sun Pharmaceutical Industries. ECF No. 15. For the reasons stated herein, the Court hereby DENIES the Motion to Dismiss.

///

1

## I. Background

### A. Factual Background[1]

Plaintiff Stephen Rozzo ("Rozzo") is a former employee of Defendant Sun Pharmaceutical Industries, Inc. ("Sun Pharma"). FAC ¶ 8. Rozzo worked for Sun Pharma for over six and half years, holding various management positions during his tenure. FAC ¶¶ 8, 9. In 2021, Rozzo, who worked in Sun Pharma's New Jersey location, sought permission from Sun Pharma to relocate to California. FAC ¶¶ 9, 10. Rozzo's manager, Ejim Mark ("Mark") told Rozzo that his request was approved, and Rozzo moved to California. FAC ¶ 10. In March 2022, Mark represented that he was creating a new position for Rozzo within Sun Pharma that would allow Rozzo to work remotely in California permanently. FAC ¶ 12. In December 2022, however, Sun Pharma informed Rozzo that he was to work in person three days per week at the New Jersey facility. FAC ¶ 14. Rozzo could not do so and was subsequently terminated. FAC ¶¶ 14, 14.

### B. Procedural History

Rozzo filed his complaint in the Superior Court of the State of California for the County of Los Angeles on August 9, 2023. ECF No. 1-4 ("Compl."). Sun Pharma removed the action to this Court on September 13, 2023. *See* ECF No. 1 ("NOR").

After Sun Pharma moved to dismiss Rozzo's complaint (ECF No. 10), Rozzo filed his First Amended Complaint. Rozzo's First Amended Complaint alleges the following claims against Sun Pharma: (1) Violation of California Labor Code section 970 (FAC ¶¶ 22–36); (2) Fraud/Negligent Misrepresentation (FAC ¶¶ 37–52); (3) Discrimination on the Basis of Sex and Age (FAC ¶¶ 53–58); (4) Retaliation (FAC ¶¶ 59–65); (5) Failure to Prevent Discrimination and Retaliation (FAC ¶¶ 66–70); (6) Whistleblower Retaliation (FAC ¶¶ 71–79); (7) Wrongful Termination in Violation of Public Policy (FAC ¶¶ 80–87).

On October 25, 2023, Sun Pharma filed the instant motion to dismiss. ECF No. 15 ("Motion" or "Mot."). The Motion is fully briefed. *See* ECF Nos. 17 ("Opposition" or "Opp'n"), 18 ("Reply).

---

[1] The following factual background is derived from the allegations in Plaintiff's First Amended Complaint, ECF No. 12 ("FAC"), unless otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

On March 5, 2024, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 19; *see also* C.D. Cal. L.R. 7-15.

## II. **Applicable Law**

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III. **Discussion**

Sun Pharma urges the Court to dismiss Rozzo's first cause of action for violation of California Labor Code section 970 (hereinafter, "Section 970") and second cause of action for fraud/negligent misrepresentation. As the Court explains further below, the Court finds that Rozzo has sufficiently pleaded both causes of action.

### A. Rozzo's California Labor Code Section 970 Claim is Sufficiently Alleged

California Labor Code section 970 provides that:
> No person . . . shall influence, persuade, or engage any person to change from . . . from any place outside to any place within the State . . . for the purpose of working in any

>branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:
>(a) The kind, character, or existence of such work;
>(b) The length of time such work will last, or the compensation therefor;
>(c) The sanitary or housing conditions relating to or surrounding the work;
>(d) The existence or nonexistence of any strike, lockout, or other labor dispute. . . .

Cal. Lab. Code § 970.

Sun Pharma makes two arguments as to why the Court should dismiss Rozzo's Section 970 claim. First, Sun Pharma argues that Section 970 only applies where the employer induces an employee to move, not where, as here, the employee requests a move. Mot. at 4–5. The Court does not find that either the case law cited by Sun Pharma nor the plain language of the statute support such a narrow reading. While the California Court of Appeal in *Tyco* did note that Section 970 was enacted to "protect migrant workers from the abuses heaped upon them by unscrupulous employers and potential employers, especially involving false promises made *to induce migrant workers to move in the first instance*," *Tyco Indus., Inc. v. Superior Court*, 164 Cal. App. 3d 148, 155 (1985), the California Court of Appeal did not find that Section 970 was only limited to those situations where the employee had no desire to move. Even if an employee has a desire or a request to move, an employer can still persuade or influence the employee to do so by some misrepresentation, and but for that misrepresentation, the employee would not have otherwise made the move.

Sun Pharma's second argument is that Rozzo has failed to plead that any Sun Pharma agent *knowingly* made a false representation under one of the required categories enumerated in Section 970. Mot. at 5–6; *see Tyco Indus.*, 164 Cal. App. 3d at 156 (noting that a knowingly false representation is required for a Section 970 claim). The Court finds that Rozzo has carried his burden and sufficiently pleaded that Mark's representations were knowingly false, as Rozzo pleads that "when [Dr.] Mark made the misrepresentations, he knew them to be false." FAC ¶ 10.[2]

/ / /

---

[2] Sun Pharma also argues that Rozzo kept his job for one year following relocation, and that as such, Sun Pharma's alleged promise that Rozzo could work remotely is not a misrepresentation because it was true. Mot. at 6. That is not necessarily so, as Rozzo does not allege that he was told he could keep his job for a year. Instead, the FAC alleges that Rozzo was under the impression that he could relocate permanently. FAC ¶¶ 13–14.

4

**B. Rozzo's Fraud/Negligent Misrepresentation Claims are Sufficiently Alleged**

    i.   Rozzo's fraud claim meets the Rule 9(b) standard

The elements of fraud are: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Serv. By Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996). Under Rule 9(b), a party alleging a claim for fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To plead with particularity, a plaintiff must include "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Fraudulent concealment and omission claims are subject to Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Here, Rozzo alleges that in or about August 2021 (when, where) Mark (who) told (how) Rozzo that his request to relocate to California while continuing in his role with Sun Pharma was approved (what). FAC ¶ 10. Rozzo further alleges that in March 2022 (when, where) Mark (who) told (how) Rozzo that Mark was in the process of creating a new position for Rozzo that would allow him to work remotely from California permanently (what). FAC ¶ 12. As such, Rozzo's allegations are not vague or conclusory, nor do they leave Sun Pharma guessing as to the factual basis for Rozzo's claim. *See* Mot. at 8. Sun Pharma further argues that the statements concerning the new position are not misrepresentations because (1) Rozzo fails to allege that Mark knew the statement was false when he made it and (2) the statements were made after Rozzo's relocation. This is not so. First, Rozzo does allege that Mark knew the statements were false at the time they were made—*see* FAC ¶ 43 ("When Defendants made the representations alleged herein, they knew or should have known them to be false. . . ."). Second, although Rozzo had already relocated at the time of the second misrepresentation, Rozzo alleges that the misrepresentation induced him to stay in

California, incurring additional expenses he would not have incurred had he known that Sun Pharma wanted him to return to working in person in New Jersey. FAC ¶ 12.[3]

        ii. <u>Rozzo's Negligent Misrepresentation claim is based on past or present material facts</u>

The elements of negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997) (internal quotation marks omitted).

Sun Pharma first argues that Rozzo fails to meet the Rule 9(b) standard. As the Court found above, Rozzo pleaded his allegations with sufficient particularity.

Sun Pharma next argues that Rozzo's negligent misrepresentation claim must be dismissed because such a claim must be based on past or existing facts, not predictions or statements as to future events or actions. Here, the critical misrepresentations appear to be that Rozzo could relocate to California while working for Sun Pharma and that Sun Pharma was creating a position for Rozzo that would enable him to work remotely permanently. Although statements as to future actions are generally not actionable, "broken promises of future conduct" may be actionable where the promisor "made [the promise] without any intention of performing it." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991). However, such promises are actionable as intentional misrepresentations, not negligent misrepresentations—that is, there is no negligent false promise. *Id.*

Both of the critical alleged misrepresentations are actionable as misrepresentations of *existing* material fact. The periodic reassurances that Rozzo could continue working remotely from California were statements of existing material facts. Similarly, the representation that Sun Pharma "was creating" a position for Rozzo that would enable him to permanently relocate to California was

---

[3] Sun Pharma also argues that the second misrepresentation undermines Rozzo's claims because it is a "clear admission" that Rozzo was aware that his remote position was not permanent. Mot. at 8. The Court does not find that this wholly undermines Rozzo's claims, as Rozzo alleges that Mark reassured Rozzo periodically that he could continue working remotely and does not allege that Mark or any Sun Pharma employee ever indicated that the remote position would terminate suddenly. FAC ¶ 13.

also a statement of existing material fact—drawing all reasonable inferences in Rozzo's favor, this was a statement that Mark was in the process of creating such a position, not—as Sun Pharma asserts—only a promise to do something in the future.[4] Accordingly, the Court finds that Rozzo has sufficiently pleaded a claim of negligent misrepresentation based upon both sets of misrepresentations.

## IV. Conclusion

For the foregoing reasons, the Court DENIES the Motion to Dismiss.

IT IS SO ORDERED.

Dated: March 6, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[4] The FAC reads as follows:
> Dr. Mark was supportive of the decision to relocate and repeatedly misrepresented that Mr. Rozzo could relocate, influenced, and authorized the relocation. In March 2022, Dr. Mark further misrepresented that *he was creating a new Associate Vice-President of Clinical Development position for Mr. Rozzo which would allow Mr. Rozzo to work remotely in California permanently.* Mr. Rozzo would not have continued to reside in California, incur additional expenses including purchases and leases but for Dr. Mark's misrepresentations.

FAC, ¶ 12 (emphasis added).

7